# IN THE UNITED STATES DISTRICT COURT
# OF THE SOUTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**HEATHER SANDERS**                                                                                    **PLAINTIFF**

**VS.**                                                                                    **NO. 1:18cv176-SA-DAS**

**MAGNOLIA REGIONAL HEALTH.**
**CENTER, AND JOHN DOES 1-5**                                                              **DEFENDANTS**

## ORDER

The Court conducted a telephonic discovery conference with the parties on October 30, 2019. The sole issue not resolved during that conference is Plaintiff's *ore tenus* motion to compel the production of "the complete Digital Medical Record including record of changes made to the Digital Medical record by any person"—*i.e.*, a digital audit trail.

> The audit trail is a document that shows the sequence of events related to the use of and access to an individual patient's EHR [electronic health record]. For instance, the audit trail will reveal who accessed a particular patient's records, when, and where the health care provider accessed the record. It also shows what the provider did with the records—*e.g.*, simply reviewed them, prepared a note, or edited a note. The audit trail may also show how long the records were opened by a particular provider. Each time a patient's EHR is opened, regardless of the reason, the audit trail documents this detail. The audit trail cannot be erased and all events related to the access of a patient's EHR are permanently documented in the audit trail. Providers cannot hide anything they do with the medical record. No one can escape the audit trail.

2011 Health L. Handbook § 10:9 "The positive effect of EHRs on reducing health care provider liability—The audit trail".

Defense counsel represented that Plaintiff had been provided with an audit trail of her medical record, limited to her five primary medical providers. According to Defendant, a full and complete audit trail for all users from the date Plaintiff first sought treatment to the present "would

take hours" and would be unduly burdensome. Defendant asserts this use of time, combined with the resultant cost of production, is disproportionate to the needs of the case.

The Court notes that Plaintiff has not questioned the veracity of the medical record—which has been produced in its entirety—or of the audit trail pertaining to Plaintiff's primary medical providers, which has also been produced. With no suggestion of improprieties in the medical record, coupled with Defendant's representations of undue burden, the Court finds that Plaintiff's *ore tenus* motion to compel production of a full and complete digital audit trail of her medical record is DENIED. *Cf. Zenith Ins. Co. v. Tex. Inst. For Surgery, LLP*, 328 F.R.D. 153, 170-71 (N.D. Tex. 2018) (TIFS conceded audit trail would be discoverable where doctor testified "that the post-surgery report . . . was inexplicably and materially altered by an unknown person after the report was prepared," but claimed other privileges not at issue here.).

SO ORDERED, this the 31st day of October, 2019.

                                          /s/ David A. Sanders
                                    UNITED STATES MAGISTRATE JUDGE